SEA BEACH RY. CO. et al. v. CONEY ISLAND & G. RY. CO. et al.

(Supreme Court, Appellate Division, Second Department.   November 30, 1897.)

1. STREET RAILROADS—CONSENT OF ABUTTING OWNERS.

Under Const. art. 3, § 18, and the railroad law (section 91), requiring the consent of the owners of one-half in value of the property bounded on that portion of a street upon which it is proposed to build a railroad, the property on all four corners of two intersecting streets is bounded by the intersecting space common to both; and where a proposed route runs south through one street to the intersection, and west through the other, the consent of the owner of the southeast corner, opposite its outer curve, is necessary.

2. SAME—MORTGAGEE IN POSSESSION.

Where a consent to the building of a street railroad has been given by the holder of the legal title of a lot bounded on the proposed route, its validity cannot be affected by his subsequent admission that he is only a mortgagee in possession.

Action by the Sea Beach Railway Company and the Sea Beach Land Company against the Coney Island & Gravesend Railway Company and others.   From an order denying a motion to continue a preliminary injunction, plaintiffs appeal.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George W. Wingate, for appellants.

James C. Church, for respondents.

WILLARD BARTLETT, J.   The object of this suit is to prevent the Coney Island & Gravesend Railway Company from laying tracks and operating a street-surface railroad in West Eighth street and Surf avenue, in the city of Brooklyn, opposite the property of the Sea Beach Railway Company.   The right to lay such tracks and operate such railroad is attacked by the plaintiffs on the ground that the defendant railway company has not obtained the consents of property owners, prescribed by the constitution and the railroad law.   The court at special term held that the Coney Island & Gravesend Railway Company had procured the requisite consents, and the learned judge therefore refused to continue the temporary injunction which the plaintiffs had sued out at the beginning of the action.   His opinion discusses only one of the questions argued before us on this appeal, and as to that question I think his conclusion was correct.

The route along which the defendant railroad corporation desired to lay its tracks runs southerly through West Eighth street to Surf avenue, and then turns westerly into Surf avenue, and runs along that street to the west.   On the southeast corner of Surf avenue and West

Eighth street is a lot fronting on both streets, the title to which stands in the name of James McKane. The question considered below was whether this lot was property bounded on that portion of the street over which the defendant corporation proposed to construct and operate its railroad, within the meaning of the constitution, so that the consent of the owner was to be counted in making up the requisite one-half in value represented by the prescribed consents. The lot is opposite the outer curve of the proposed railway. The railway makes a turn through the intersection of the two streets. The property on the four corners is bounded by the intersecting space common to West Eighth street and Surf avenue, and should therefore all be taken into account in determining whether the required constitutional consents have been obtained. The letter of the constitution seems to require this construction, and certainly it is demanded by the spirit of the section relating to street railroads; for the damage to property situated on a corner opposite the outer curve of such a turn may be as great as that sustained by the property upon any of the other corners. The consent was given by the person who held the legal title at the time, and was sufficient. It is stated in one of the affidavits read in behalf of the plaintiffs that James McKane has admitted that the deeds to him were merely mortgages, and that his interest is only that of a mortgagee in possession; but these subsequent admissions cannot affect the validity of the previous consent, which is in the hands of the defendant railroad company. Agreeing with the learned judge below that this consent is to be counted, we have to inquire whether the motion papers make out a case for an injunction on any other ground.

The appellants insist that the portion of a street upon which it is proposed to construct a railroad means each entire route which is described in the railroad company's articles of incorporation; and that, before the company can commence the construction of any part of a route so described in its articles of incorporation, it must have obtained consents representing half the value of the property along that whole route. This proposition presents an interesting and very important question, but it cannot be decided upon the record before us in this case. That record does not set out the articles of incorporation of the Coney Island & Gravesend Railway Company. It does contain an advertisement published by the highway commissioners of the town of Gravesend, stating that the company had applied for their consent, as the local authorities of that town, to the construction, maintenance, and operation of a street surface railroad along certain specified routes; but this is not a document whose contents can be deemed in any wise declaratory of what may be set forth in the company's certificate of incorporation. What the latter document contains in respect to its routes there is nothing in the appeal book to show, and therefore we cannot say that the respondents may not have obtained even all the consents which the appellants contend are necessary for the particular route in respect to which the injunction was sought. We may guess that they have not, from the earnestness with which their counsel combats the plaintiffs' proposition of law on

this branch of the case; but injunctions cannot be granted on the strength of such suppositions.

I think the preliminary restraining order was properly vacated, and that the action of the court at special term should be sustained.